**Karen ZEPEDA, Plaintiff-Appellee,**

v.

**STATE SURETY COMPANY, Defendant-Appellant.**

No. 84–972.

Court of Appeals of Iowa.

March 26, 1985.

Benjamin B. Ullem and Kenneth W. Biermacher of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for defendant-appellant.

Arvid D. Oliver, Des Moines, for plaintiff-appellee.

Considered by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

DONIELSON, Presiding Judge.

Defendant surety appeals from a summary judgment for the plaintiff in an action seeking recovery under a replevin bond. The surety asserts that Iowa Code chapter 643 does not permit recovery against the surety absent a finding that the replevin plaintiff's possession was wrongful. We affirm.

The basis for this appeal is a replevin action which arose out of a dispute concerning the purchase price of an automobile. In that action, the plaintiff posted a replevin bond and took possession of the vehicle. Damages were awarded to the defendant, Karen Zepeda.

In a subsequent action to recover against the surety under the bond, the trial court sustained Zepeda's motion for summary judgment, finding that the terms of the bond were sufficient to impose liability on the surety for the amount of the judgment. State Surety Company has appealed from this result.

The primary issue on appeal is whether the provisions of chapter 643 require a finding of wrongful or unlawful detention in order to impose liability on the surety. Section 643.17 provides:

The judgment shall determine which party is entitled to the possession of the property, and shall designate his right therein, and if such party have not the possession thereof, shall also determine the value of the right of such party, which right shall be absolute as to an adverse party as he may be entitled to for the illegal detention thereof. *If the judgment be against the plaintiff for the money value of the property, it shall also be against the sureties on his bond.*

(emphasis added). We do not believe this section was intended to limit the surety's liability to situations where the property in question is illegally detained. Certainly, recovery would be allowed in this situation. However, the final sentence of section 643.17 expressly imposes liability on the surety, absent a finding of illegal detention. Recovery is allowed from the surety whenever the judgment is against the plaintiff for the money value of the property.

Furthermore, we note that section 643.7 requires the principal to pay *all* costs and damages that may be adjudged against him. The supreme court has stated that "it is the performance of this obligation which the surety guarantees." *Barry v. State Surety Company*, 261 Iowa 222, 154 N.W.2d 97, 100 (1967). In other words, the surety is accountable for any costs and damages assessed against the principal. *Id.*

We conclude that summary judgment against the surety was appropriately granted in this action. A surety's liability is not limited to situations where the damages arose from wrongful detention of the property.

State Surety Company also argues that the trial court erred in denying its motion for summary judgment. Since we have concluded that the elements for recovery under the bond have been met, it follows that the surety's motion for summary judgment in its favor was properly denied.

Finding no error, we affirm.

AFFIRMED.