**PHOENIX MUTUAL INSURANCE COMPANY, INC., Appellee,**

v.

**GALLOWAY FARMS, INC., Appellant.**

No. 85–388.

Supreme Court of Iowa.

Nov. 25, 1987.

Marlyn S. Jensen, Osceola, for appellant.

Terry M. Giebelstein, Lane & Waterman, Davenport, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and NEUMAN, JJ.

HARRIS, Presiding Justice.

The trial court granted summary judgment in this action, ordering foreclosure of a farm mortgage. At the time of the challenged ruling the debtor had sought to petition for removal to federal court. The question is whether the removal had been effected, thus depriving the trial court of jurisdiction to proceed. We think it had not, and hence affirm.

Plaintiff Phoenix Mutual Life Insurance Company holds a promissory note and mortgage on a farm owned by defendant corporation. On February 23, 1983, Phoenix brought this foreclosure action against Galloway and other defendants who hold

lien interests. On February 4, 1985, Phoenix filed a motion for summary judgment which was set for oral submission on March 5, 1985.

On March 4, 1985, Galloway filed a resistance to the summary judgment motion and on the same day filed a "notice of filing petition for removal of civil action" with an attached "petition for removal of civil action," stating that a petition for removal had been filed in federal district court on March 4, 1985. On March 5, the trial court proceeded with the scheduled oral hearing on Phoenix's motion for summary judgment. The motion was granted and the court ordered counsel for Phoenix to draft and present a decree incorporating its findings. On March 8, before Phoenix's counsel could present a written decree for the court's signature, Galloway filed a notice of appeal to us.

According to the certified records from federal court, on March 4 Galloway filed a "motion to file petition to remove and proceed as a poor person" with an attached "affidavit of impecuniosity" with that court. On March 8 the federal court signed and on March 11 filed an order allowing Galloway to proceed without the prepayment of costs or fees. Also on March 11, Galloway's petition for removal of the civil action was filed by the clerk of the federal district court.

On May 31, 1985, Phoenix filed in federal court a motion to remand the case to the Iowa district court. By order dated January 31, 1986, and filed February 4, 1986, the federal district court sustained the motion to remand. On February 19, 1986, Galloway filed a motion for reconsideration of the remand to state court. That motion was denied by the federal court. On March 10, 1986, the clerk of the federal court returned the file, including the orders of the federal court, to the Iowa district court.

I. Under Iowa rule of appellate procedure 12(g) we may remand a "cause to the trial court, which shall have jurisdiction for such specific proceedings" as we direct. Acting pursuant to that rule on July 7, 1987, we remanded the case to the district

court "for the limited purpose of permitting that court to enter a written ruling granting plaintiff's motion for summary judgment, the entry of a judgment and decree of foreclosure and enforcement proceedings ...."

On October 5, 1987, seven days prior to the date the appeal had been set for oral submission, Galloway filed what were denominated a supplemental appendix and supplemental brief. Phoenix has moved to strike them, asserting they raise matters and assign error outside the issues which had been established in the briefs.

Galloway resisted the motion to strike, stating that additional issues were generated upon the limited remand. According to Galloway, Phoenix's remedy is not to call for striking the supplemental filings, but merely to be accorded time to respond to them.

■ We do not agree. The remand was carefully limited; jurisdiction was returned to the district court to allow the paperwork to be completed on the previously ordered foreclosure. The new assignment of error, appearing in the recently filed briefs, does not, as Galloway contends, address matters which occurred upon remand. Rather it addresses the action of the trial court prior to the taking of the appeal. It comes too late. We have many times held that an issue cannot be asserted for the first time in a reply brief. *See e.g., Brown v. First Nat'l Bank of Mason City,* 193 N.W.2d 547, 551, 52 A.L.R.3d 728, 734 (Iowa 1972). Phoenix's motion to strike Galloway's supplemental brief is sustained.

■ II. Was removal to federal court accomplished when Galloway filed a "motion to file petition to remove and proceed as a poor person" and a "notice of filing petition for removal of civil action"? The controlling federal statute is 28 U.S.C. section 1446 (1977) which in relevant part provides:

(d) Each petition for a removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs

and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

(e) Promptly after the filing of such petition for the removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such state court, which shall effect the removal and the state court shall proceed no further unless and until the case is remanded.

Federal law controls the removal process. *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 1348–49, 31 L.Ed.2d 612, 619 (1972). The burden remains with the moving party to show compliance with the statutory removal requirements, and doubts of the propriety of removal must be resolved against federal jurisdiction. *Maybruck v. Haim,* 290 F.Supp. 721, 724 (S.D.N.Y.1968). Grounds and procedure of removal should be strictly construed in favor of state court jurisdiction. *Viles v. Sharp,* 248 F.Supp. 1019, 1021 (W.D.Mo.1965).

■ Removal divests the state court of jurisdiction to proceed further with the removed matter, regardless of whether removal was proper. *Echevarria v. Silberglitt,* 441 F.2d 225, 227 (2d Cir.1971). Removal to federal court is normally effected by filing with the federal court a petition for removal accompanied by a removal bond, giving notice to all adverse parties, and filing a copy of the petition for removal with the clerk of the state court. *See Berberian v. Gibney,* 514 F.2d 790 (1st Cir.1975). Substantial compliance with those procedures, however, will effect removal. *See e.g., Delavigne v. Delavigne,* 530 F.2d 598 (4th Cir.1976) (Where defendant filed a petition for removal with the federal court and gave notice to the state court and to the adverse party, removal was effected even though defendant neglected to file a copy of the petition for removal with the state court.); *Adair Pipeline Co. v. Pipeliners Local Union,* 203 F.Supp. 434 (S.D.Tex.1962) (Removal is ef-

fected when state court judge is handed a copy of the petition for removal, the original of which had been filed in federal court, even though the copy of the petition for removal was not filed with the clerk of the state court.), *aff'd,* 325 F.2d 206 (5th Cir. 1963).

The removal prerequisite in issue here is whether Galloway's removal petition should be deemed filed on the date the petition to remove and to proceed in forma pauperis was submitted to the federal court.

28 U.S.C. section 1914(a) (1978) requires the clerk of each federal district court to collect a $120 fee from the party instituting any suit, whether by original process or removal. Local rule 1.12, adopted by the United States District Court for the Southern District of Iowa, provides:

> Unless leave to proceed in forma pauperis has been granted, the clerk may require that a party commencing an action in this court, filing a notice of appeal, or removing one from another court, to first pay the statutory fee before the case may be filed, docketed, and process issued thereon.

28 U.S.C. section 1915(a), entitled "proceedings in forma pauperis," allows the federal court to authorize the commencement of an action, without the prepayment of fees or costs (or security therefor), by a person who makes affidavit that he or she is unable to pay the costs (or give security). A person proceeding in forma pauperis under section 1915 is relieved from the section 1446(d) requirement of posting a removal bond. *Pasquarella v. Santos,* 416 F.2d 436, 437 (1st Cir.1969).

As mentioned, on March 4, 1985, Galloway filed in federal court its motion to remove and to proceed as a poor person. Pursuant to the local federal rule, however, the federal clerk did not file the removal petition until after the federal judge's March 8 order allowed Galloway to proceed without prepayment of costs or fees. Accordingly, Galloway's petition was not filed until March 11, six days after the summary judgment hearing and foreclosure ruling in state court.

■ But Galloway contends state court proceedings are stayed on the date the petition to remove and to proceed as a poor person is tendered to the federal court. Any other rule, the argument goes, would deny indigents equal protection of the laws, as well as due process.

It is our duty to assure, to the greatest degree possible, equal treatment for every litigant before the bar. *See Coppedge v. United States,* 369 U.S. 438, 446–47, 82 S.Ct. 917, 921–22, 8 L.Ed.2d 21, 29 (1962). Because we are not concerned here with a suspect class or with a fundamental right there is no equal protection violation if there is a rational justification for the rule that removal will not be effected until the petition to proceed in forma pauperis has been approved. *See Ortwein v. Schwab,* 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973).

There is a rational justification for the rule. Local rule 1.12 directs clerks not to file the removal petition until the bond has been posted. If the removal petition were deemed filed on the day the petition to remove and to proceed in forma pauperis was submitted to the federal court, defendants unwilling to post the bond could stall for time just by filing one, even a frivolous one.

■ Similarly, persons of financial means who merely wish time to obtain the bond money could stay the state court proceedings a few days earlier by filing a frivolous petition to proceed in forma pauperis. In order to prevent abuses of the rule it is rational to await the granting of the petition to proceed in forma pauperis before the removal petition can be filed. Since there is a rational justification for the rule, persons who petition the court to proceed in forma pauperis are not denied equal protection of the laws.[1]

---

1. We also find no due process violation. The federal clerk complied with local rule 1.12. When the order granting the petition to proceed in forma pauperis was given to the federal clerk the removal petition was immediately filed. Section 1446(e) requires the filing of the peti-

III. We find it unnecessary to detail two other assignments which become moot by what we have said. Galloway contends the formal judgment of foreclosure, entered July 16, 1987, following remand for that purpose could not have been based on the record existing March 5, 1985, when the trial court found it should be entered. We find no support for such a conclusion. It is now clear that Phoenix was entitled to foreclosure on either the earlier or later date. The assignment is without merit.

We have not overlooked Galloway's request that we reconsider a ruling entered by our court on May 7, 1987, denying a motion to abate the action and suspend the rules. The motion was based on the absence in state court of copies of the federal court order remanding the case back to state court. The question is now moot.

AFFIRMED.

tion before the state court proceedings are stayed. Here the petition was filed after the summary judgment hearing. Hence no claim can be made that the defendant was denied due process when the state court proceeded with its hearing.