**CITIZENS STATE BANK,**
**Plaintiff–Appellee,**

v.

**Richard L. HARDEN and Janice E. Harden, d/b/a Harden Welding & Manufacturing, Defendants–Appellants.**

**Richard L. HARDEN and Janice E. Harden, formerly d/b/a Harden Welding & Manufacturing, Counter–Cross–Claimants,**

v.

**CITIZENS STATE BANK, John E. Brewer, Agent, Rodney P. Kubat, John D. Cleavenger, and John and Jane Does 1–500, Counterclaim Defendants.**

No. 87–1429.

Court of Appeals of Iowa.

Feb. 23, 1989.

See also, —— N.W.2d ——.

Marlyn S. Jensen, Osceola, for defendants-appellants.

Rodney P. Kubat of Whitfield, Musgrave & Eddy, Des Moines, for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

The Hardens appeal from a district court "Ruling on Preliminary Motions of Defendant" and all previous adverse rulings arising out of the bank's replevin action. The Hardens contend that: (1) the Hardens' removal of the replevin action to federal court rendered the district court's subsequent final order of possession void; (2) the replevin action statute is unconstitutional as applied since it operated to deprive the Hardens of their right to a livelihood without hearing and prevented their right to pursue a counterclaim; (3) the district court had no jurisdiction in this replevin action to permit possession of bank accounts in a Missouri bank; (4) the Hardens' discharge in bankruptcy rendered any subsequent action to register the Iowa replevin judgment in Missouri void; (5) the district court erred in exonerating the bank's bond and in allegedly deciding the case despite granting the Hardens a continuance; and (6) the adoption of Iowa Rule of Civil Procedure 80(a) is unconstitutional as, inter alia, violative of the separation of powers and the imposition of sanctions pursuant to the rule unconstitutionally deprived the Hardens of their right to free expression.

On April 5, 1985, the bank filed its petition for replevin in district court concerning several items of personal property and Missouri bank accounts owned by the Hardens. The district court entered an order for immediate possession on April 30. After the Hardens' final hearing on the bank's right to possession but before a final order was entered, the Hardens filed on May 20, 1985, a petition for removal to the federal district court. The final order was filed on May 28, 1985, despite the removal. On June 4, 1985, the sheriff executed on the writ of replevin. An order nunc pro tunc correcting the description of the Missouri collateral was entered June 7, 1985. On July 23, 1985, the federal district court clerk sent a copy of the order of remand. There was no appeal of any of these district court orders by the Hardens.

On July 26, 1985, the Hardens filed for bankruptcy under chapter 7. On July 29, the bank filed its action seeking registration of the replevin judgment in Missouri. On November 21, 1985, the Hardens received their discharge in bankruptcy. On June 23, 1987, the Missouri court entered a judgment in the bank's favor concerning the registration of the replevin.

After the bankruptcy stay was lifted, the district court resumed consideration in 1987 of several motions and counterclaims concerning the replevin action and the bank's attempt to have its bond exonerated. The district court determined that the Hardens removal to federal court was improper and did not operate to prevent the district court's final order of possession in 1985. The district court rejected the Hardens' claims for additional discovery, and it dismissed the Hardens' pro se counterclaim to the replevin action and imposed a sanction on them for filing the counterclaim. The district court eventually exonerated the replevin bond.

▮ I. The Hardens claim the Iowa District Court lost subject matter jurisdiction on May 20, 1985, when the case was removed to the United States District Court for the Southern District of Iowa. Consequently, the purported final order of possession dated May 24, 1985, is void and the

execution of purported writ of replevin dated June 4, 1985, was done pursuant to a void writ. We disagree.

We find that Hardens' attempted removal did not divest the trial court of jurisdiction; the Final Possession Order was properly entered; and the Hardens failed to appeal the Final Order for Possession or the Order Nunc Pro Tunc in a timely manner. Therefore, the Hardens are now barred from appealing either of these matters.

Removal to federal court is normally effected by filing with the federal court a petition for removal accompanied by a removal bond giving notice to all adverse parties and filing a copy of the petition for removal with the clerk of the state court. Substantial compliance with those procedures will effect removal. *Phoenix Mut. Ins. Co. v. Galloway Farms*, 415 N.W.2d 640, 642 (Iowa 1987). The burden is on the moving party to show compliance with the statutory removal requirements, and doubts of the propriety of removal must be resolved against federal jurisdiction. *Id.* Grounds and procedure of removal should be strictly construed in favor of state court jurisdiction. *Id.*

At issue here is whether the Hardens' attempted removal was in substantial compliance with the removal procedures. Citizens Bank asserts that the attempted removal was frivolous. Specifically, they allege that the attempted removal was taken in excess of thirty days after receipt of notice of the replevin action in violation of 28 U.S.C. § 1446(b); the petition does not show grounds for removal under 28 U.S.C. § 1441(a); the bond filed lacked good and sufficient surety because it was signed by the Hardens, who were insolvent at the time; and the attempted removal came after there had been a trial and ruling adverse to the Hardens.

The case of *Galloway Farms* established that the filing of a removal petition and a petition to proceed in forma pauperis on the same day did not stay state court proceedings, 415 N.W.2d at 643. The rationale used by the court, although directed at a local court rule, applies equally to the Hardens' case.

Local rule 1.12 directs clerks not to file the removal petition until the bond has been posted. If the removal petition were deemed filed on the day the petition to remove and to proceed in forma pauperis was submitted to the federal court, defendants unwilling to post the bond could stall for time just by filing one, even a frivolous one.... In order to prevent abuses of the rule it is rational to await the granting of the petition to proceed in forma pauperis before the removal petition can be filed.

The Hardens have abused the removal process to stay state court proceedings by filing an insufficient bond. This alone defeats substantial compliance with the removal requirements. Jurisdiction was not removed to federal court; therefore, the state court had jurisdiction to enter the Final Possession Order.

■ The Final Possession Order was filed on May 28, 1985, and the Order Nunc Pro Tunc amending the possession order was filed on June 7, 1987. Timely appeal of final orders must be taken within thirty days from the entry of the order. Iowa R.App.P. 5. The Hardens did not appeal the Final Possession Order or the Order Nunc Pro Tunc within the thirty days. However, the Hardens contend that these orders are not final for the purposes of appeal.

The law on final judgments was recently summarized in *Snyder v. Allamakee County*, 402 N.W.2d 416, 418 (Iowa 1987):

In Iowa, a final judgment is a judgment that conclusively determines the rights of the parties and is finally decisive of the controversy. If a judgment is final, not only is a right of appeal created, but, absent timely postjudgment motions, district court has no power or authority to return the parties to their original positions. [citations omitted].

Furthermore, two final orders are possible in a single case. *Lyon v. Willie*, 288 N.W.2d 884, 886–87 (Iowa 1980). One judgment settles the substantial merits of the case and the other adjudicates remain-

ing issues in the case. *Hayes v. Kerns,* 387 N.W.2d 302, 305 (Iowa 1986). The substance of the order and the intent of the court are determinative of whether the order is final or not. *Id.*

The Final Possession Order was intended to be the final adjudication between the parties regarding their rights to the personal property. The order established the substantive rights of the parties and the district court no longer has the power to return the parties to their original positions. Therefore, this order was final for purposes of appeal and the failure to timely appeal, bars further review of these orders by this court.

■ II. The Hardens claim that the trial court erred in exonerating the replevin bond. We find their claim to be without merit.

The purpose of the replevin bond is to reimburse any person injured by the proceeding. Iowa Code § 643.6 (1987). The liability of the surety on the bond is discharged by performance of the conditions of the bond. 77 C.J.S. *Replevin,* § 311 at 223 (1952 & Supp.1988). The surety is responsible for any costs and damages assessed against the principal. *Zepeda v. State Surety Co.,* 368 N.W.2d 212, 213 (Iowa App.1985). Where the conditions are satisfied and no damages are assessed against the principal, the bond no longer has a purpose and is properly exonerated by the court.

The conditions on the replevin bond are listed in Iowa Code section 643.7. All of these conditions have been performed and finally determined by the Final Possession Order. The bank was awarded full and complete possession of the property. No costs or damages were awarded against the bank. The replevin matter having been completed in the bank's favor, the purpose of the bond no longer exists. Therefore, the trial court correctly ruled that the replevin bond should be exonerated.

III. The constitutionality of Iowa's replevin statute is Hardens' next argument. They claim they are denied due process and equal protection because the statute allows the bank to join two causes of action to obtain possession, but does not allow them to do so.

Iowa Code section 643.2 provides:

The action shall be by ordinary proceedings, but there shall be *no* joinder of any cause of action not of the same kind, *nor* shall there be allowed *any* counterclaim. (Emphasis added).

■ Applying the clear language of the statute, the trial court correctly prohibited the Hardens' counterclaim. *Id.* The bank has not joined causes of action in the replevin action, but has presented the issues necessary to obtain possession of the personal property. No unequal treatment has occurred in this case.

Both parties are restricted to matters necessary to determine rights to possession of the property. The replevin statute is limited to the recovery of property to ensure prompt possession of the property. The rule restricting joinder of causes of action and prohibiting counterclaims is rationally related to this purpose. We find no denial of equal protection in this case.

■ Due process under the fourteenth amendment to the United States Constitution requires fair notice and an opportunity to be heard. *Roadway Express Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488, 501–02 (1980). Once it is determined that due process applies, it must be decided what process is due. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972). Three factors are used to determine what type of process is due. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

Applying these principles, we find the Hardens have been provided due process. Clear notice was given on the issues being presented at each proceeding. Hardens had an opportunity to present evidence at both the preliminary and final hearings. Hardens did present evidence, but each issue was decided in favor of the bank. Prohibiting the counterclaim in this matter did not deny the Hardens due process.

■ IV. Hardens challenge the propriety of the replevin action in Iowa for property located in Missouri. Hardens claim that Citizens State Bank is treating the replevin judgment as *in personam,* which allows them to take the judgment to other locations and reduce it to personal judgments, allowing seizure of property located in that location. According to the Hardens, because the Iowa court lacked subject matter jurisdiction to enter a judgment from which the Missouri court could predicate an *in personam* judgment, this court has an obligation to make such a finding as the court of origin.

We agree with the Bank that the Hardens cannot collaterally attack the registration judgment in this proceeding. Under Iowa law, a registration judgment, regular on its face, is presumed valid and cannot be attacked collaterally except if it is void for lack of jurisdiction in the Missouri courts. *Heishman v. Heishman,* 367 N.W.2d 308, 309–10 (Iowa App.1985). Mere error in the registration judgment cannot be collaterally attacked or reviewed by this court. *Marshfield Homes, Inc. v. Eichmeier,* 176 N.W.2d 850, 851 (Iowa 1970).

The Hardens cannot satisfy their burden of proof to overcome the presumption of validity. Failing to produce any evidence on the issue, the presumption must stand. The record in the replevin action contains no evidence indicating the Missouri trial court lacked jurisdiction over the Hardens or the subject matter of the registration action. Furthermore, the Missouri state courts provide the appropriate forum to settle this matter.

■ V. The issue of the continuance may not be reviewed on appeal. Hardens failed to object to a determination of the motion to dismiss or motion for sanctions at the time of the hearing or to request a continuance so they could obtain counsel to assist in defending against these motions. Questions not presented to and not passed on by the trial court cannot be raised on appeal. *Shill v. Careage Co.,* 353 N.W.2d 416, 420 (Iowa 1984). Therefore, Hardens may not now argue this issue for the first time to this court.

VI. The next issue is whether the trial court erred in not granting the motion to strike, quash and remove sanctions against the appellants. The Hardens argue the constitutionality of Iowa Rule of Civil Procedure 80. Since the argument is being made for the first time on appeal, we will not consider this claim. *Shill v. Careage Corp.,* 353 N.W.2d 416, 420 (Iowa 1984).

The only issue we will consider is whether the trial court erred in overruling the motion to strike, quash or remove sanctions. Iowa Rule of Civil Procedure 80(a) provides in pertinent part:

> Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: Counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation. .... If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee. The signature of a party who is not represented by counsel shall impose a similar obligation on such party.

The record reveals the Hardens signed the counterclaim. Rule 80 applies to the Hardens as the "signer" of the pleadings because they appeared pro se. The rule requires that the signer certify after *reasonable inquiry* that the motion is well grounded in fact and is warranted by existing law or a good faith argument in extension, modification, or reversal of existing law. Iowa R.Civ.P. 80(a).

■ Applying the test of "reasonable inquiry" to the Hardens' case, we find the trial court properly ruled on this matter. Iowa Code section 643.2 clearly prohibits counterclaims. Hardens' motion was not warranted by law. A reasonable inquiry should have discovered this Code section. Rule 80(a) was violated and the trial court correctly ruled.

■ Having found a violation, the trial court was required to impose a sanction: "The court, ... *shall* impose upon the person ..., an appropriate sanction...." Iowa R.Civ.P. 80(a). The amount imposed may include reasonable expenses incurred, including reasonable attorney fees which result from the filing of this motion. By affidavit, $172.56 was established as attorney fees. We find no abuse of discretion in granting this amount.

Furthermore, the bank has requested we remand the case to the trial court to determine whether further sanctions are warranted as a result of this appeal. Having affirmed on this issue, remand is proper for the limited purpose of establishing reasonable sanctions for this rule 80(a) violation.

■ VII. Finally, the Hardens assert that the trial court lacked subject matter jurisdiction over the bank accounts in Missouri. However, we find that the Hardens were the true owners of the monies in the Missouri bank accounts. As such, the bank is entitled to maintain a replevin action against the true owner. *Iowa Truck Center, Inc. v. Davis*, 204 N.W.2d 630, 631 (Iowa 1973). It does not matter that the accounts were in Missouri because the Hardens had constructive possession of them. *See generally* 77 C.J.S. *Replevin* §§ 56–57, at 37–38 (1952 & Supp.1988). Therefore, the trial court had jurisdiction to adjudicate as between the Citizens State Bank and the Hardens the right to possession of the accounts.

In conclusion, the decision of the district court is affirmed and the matter is remanded for the limited purpose of ruling on the request for rule 80(a) sanctions against the Hardens. Many issues raised on this appeal were barred by the failure to appeal the Final Possession Order in a timely manner. Other arguments failed because they were not raised at the trial court. However, we feel the district court has properly handled this matter and the correct result has been achieved.

AFFIRMED AND REMANDED.