Lavern S. MUELLER and Gloria K. Mueller, Appellees,

v.

ST. ANSGAR STATE BANK, Appellant.

No. 89–1646.

Supreme Court of Iowa.

Feb. 20, 1991.

Judith O'Donohoe, Eggert, Erb, Ott, O'Donohoe & Frye, Charles City, for appellant.

Richard W. Vickers, Greene, for appellees.

Diane M. Stahle, Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for amicus curiae Iowa Bankers Ass'n.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The St. Ansgar bank appeals from a judgment of $4500 plus interest and costs entered upon a jury verdict for Lavern S. Mueller and Gloria K. Mueller. The jury found the bank had breached an oral contract to lend money to Muellers for the purchase of bred sows. The bank claims there was insufficient evidence to support the verdict and that the court erred in admitting hearsay testimony.

Muellers filed a motion to dismiss the appeal and a motion to strike the bank's amended brief and argument. They urge that the single issue raised in the appeal was not preserved and that the amended brief was not timely filed. We agree.

I. *Preservation of Error.*

Our appellate rules require an appellant's brief to state the issue or issues presented for review. Iowa R.App.P. 14(a)(3). Failure to state an issue in the brief may be deemed a waiver of that issue. *Lala v. Peoples Bank & Trust Co.*, 420 N.W.2d 804, 806 (Iowa 1988). The bank's brief identified only one issue for review, "[i]s the jury verdict that there was in fact a breach of contract to lend supported by substantial evidence." The bank argued there was insufficient evidence to support a finding that an oral contract existed.

Muellers filed a motion to dismiss the appeal urging that the bank had failed to preserve error upon the issue raised. In resistance to the motion, the bank stated it had raised the issue in its pretrial motion

for summary judgment and in its motion for a directed verdict during trial. We ordered the motion submitted with the appeal.

The bank moved for a directed verdict based upon insufficient evidence at the close of Muellers' case. The district court overruled the motion. The bank then offered evidence. It did not renew the motion for a directed verdict at the close of all the evidence.

Error in overruling a motion to direct a verdict at the close of the plaintiffs' evidence is waived unless the motion is made again at the close of all the evidence. *See Bethards v. Shivvers, Inc.*, 355 N.W.2d 39, 44 (Iowa 1984). In 1915 this court held this rule was "settled" in Iowa. *Bell v. Davenport*, 170 Iowa 33, 35, 152 N.W. 69, 70, 71 (1915). Later, we recognized the court had "repeatedly" held the failure to renew the motion amounts to a waiver, and error in overruling the motion cannot be a basis for reversal in this court. *Newton Nat'l Bank v. Strand Baking Co.*, 224 Iowa 536, 543, 277 N.W. 491, 495 (1938). We have "consistently" held an error in overruling a motion to dismiss or for directed verdict made at the close of claimant's evidence and not renewed at the end of the trial is deemed waived. *Thomas Truck & Caster Co. v. Buffalo Caster & Wheel Corp.*, 210 N.W.2d 532, 535 (Iowa 1973). It is obviously the generally accepted and recognized rule in Iowa. *See* A. Vestal and P. Willson, 2 *Iowa Practice* § 38:09, at 286 (1984); Allbee and Kincaid, *Error Preservation in Civil Litigation: A Primer for the Iowa Practitioner*, 35 Drake L.Rev. 1, 15 (1985).

 In its resistance to the motion to dismiss, the bank urges the issue was preserved because the issue had been raised prior to trial by its motion for summary judgment. The issue raised by the motion for summary judgment is whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. Iowa R.Civ.P. 237(c). The pretrial motion does not address the issue of the sufficiency of the evidence.

An amicus brief, filed on April 23, 1990, raised the issue as to whether the jury's verdict must be set aside because the alleged oral commitment to lend money was too vague and indefinite to create a contract. This brief cannot preserve the issue. Under Iowa law, the only issues reviewable are those presented by the parties. *Martin v. Peoples Mut. Sav. & Loan Ass'n*, 319 N.W.2d 220, 230 (Iowa 1982).

II. *Amended Brief.*

The bank's brief was served on March 23, 1990. It filed an amended brief on May 4, 1990. The amended brief identified an additional issue for review, "[d]id the trial court err in allowing the hearsay testimony of Daniel Thome."

Our appellate rules require that amendments be served within fifteen days after serving the brief. Iowa R.App.P. 13(d). An issue cannot be asserted in an untimely filed supplemental brief. *Phoenix Mut. Ins. Co. v. Galloway Farms*, 415 N.W.2d 640, 642 (Iowa 1987). Likewise, an issue cannot be asserted for the first time in a reply brief. *Brown v. First Nat'l Bank of Mason City*, 193 N.W.2d 547, 551, 52 A.L. R.3d 728, 734 (Iowa 1972). The bank's amended brief was not timely filed. We strike the bank's amended brief and grant Muellers' motion to dismiss the appeal.

APPEAL DISMISSED.