■ ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION/FIDELITY NEW YORK FSB, Plaintiff, v MARILYN LANE, Appellant, and FRANCES TURNER et al., Intervenors-Respondents. [883 NYS2d 473]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 9, 2008, which denied defendant Lane's motions to vacate two foreclosure judgments, unanimously affirmed, without costs.

In December 1994, plaintiff commenced foreclosure actions against Lane with respect to two Manhattan condominium units. Lane answered the complaints and asserted counterclaims for fraud and abuse of process. The counterclaims were dismissed on June 5, 1995 and Lane appealed that decision to this Court. In February 1996, Supreme Court struck Lane's answers and appointed a referee to compute the amount due plaintiff and report on whether the properties could be sold. In July, the referee recommended that both properties be sold. Supreme Court subsequently confirmed the referee's reports, but stayed the foreclosure sales pending resolution of Lane's appeal. On November 14, 1996, this Court unanimously affirmed the dismissal of the counterclaims and rejected Lane's remaining contentions (*Fidelity N.Y. v Lane*, 233 AD2d 181 [1996], *lv dismissed* 89 NY2d 1029 [1997]).

Shortly thereafter, in January 1997, Lane filed for bankruptcy, resulting in yet another stay of the foreclosures. The bankruptcy stay was lifted on April 10, and 19 days later plaintiff submitted proposed judgments of foreclosure to the court for signature. On May 9, only a week after the judgments were submitted, Lane filed a petition to remove the now-consolidated actions to federal court. Although it appears that a copy of the removal petition was given to someone in the County Clerk's office, there is no evidence that Lane served a copy of the petition on the trial judge assigned to the foreclosure matters.

On June 30, 1997, Supreme Court, apparently unaware of the removal petition, signed two judgments of foreclosure and sale, which were entered on July 10. Despite the fact that Lane

received copies of the signed judgments 10 days later, she took no steps to challenge them. On July 25, the federal court issued an order summarily remanding the matter back to state court. In October 1997, the referee conducted the foreclosure sales, and title to both properties was transferred to bona fide purchasers. Since that time, each of the subject properties has changed hands.

Now, more than 10 years after the properties were sold and without giving any excuse for her extraordinary delay, Lane seeks to undo the foreclosures, oust the current owners from their homes, and vacate the judgments. Lane's motions, presumably brought pursuant to CPLR 5015 (a) (4), allege that Supreme Court lacked jurisdiction during the limited time period in 1997 between the filing of the removal petition and the federal court remand. Notably, Lane does not claim, nor could she, that Supreme Court did not have jurisdiction over the matter at any other time during the long history of this case. Lane offers no reason why her removal attempt was proper, nor does she present any viable defense on the merits of the foreclosure actions. And it is undisputed that at the time the properties were sold, the federal court had already remanded the matter to state court.

As a general rule, removal of an action divests the state court of its jurisdiction over the dispute while the removal petition is pending in federal court (*Matter of Artists' Representatives Assn. [Haley]*, 26 AD2d 918 [1966]). While no New York case has addressed the specific issue presented here, a number of other courts have carved out exceptions to the general rule focusing on situations where removal petitions were frivolous, duplicative or abusive. For example, in *Motton v Lockheed Martin Corp.* (692 So 2d 6 [La Ct App 1997]), after the defendant filed an improper removal petition but before the federal court remanded, the plaintiff filed a notice of appeal. The court denied the defendant's motion to dismiss the appeal, finding that the defendant's removal attempt was made to delay the plaintiff's right to move forward in the case.

In *Hunnewell v Palm Beach County Code Enforcement Bd.* (786 So 2d 4 [Fla Dist Ct App 2000]), a removal petition was filed three days before oral argument on appeal, and the federal court did not remand the case until several days after the appellate decision was rendered. The court concluded that because the removal to federal court was improper, the appellate court's decision was not void. That same court subsequently denied a petition for rehearing, finding that if on the face of a removal petition no colorable claim is made, the state court need not

recognize the removal (*id.*, *petition for review denied* 817 So 2d 847 [Fla 2002]; *see also Cok v Cok*, 626 A2d 193 [RI 1993] [where the removal petition was without the slightest color of right or merit, the state court at no time lost jurisdiction]). Other courts have ruled similarly (*see Attig v Attig*, 177 Vt 544, 862 A2d 243 [2004]; *Heilman v Florida Dept. of Revenue*, 727 So 2d 958 [Fla Dist Ct App 1998]; *Farm Credit Bank of St. Paul v Ziebarth*, 485 NW2d 788 [ND 1992], *cert denied* 506 US 988 [1992]; *Farm Credit Bank of St. Paul v Rub*, 481 NW2d 451 [ND 1992]; *Citizens State Bank v Harden*, 439 NW2d 677 [Iowa Ct App 1989]).

We find that under the unique circumstances of this case, where the federal court found the removal petition to be frivolous on its face and where it was made in bad faith at the eleventh hour, following an unsuccessful appeal, the motion court was not required, more than a decade later, to vacate the judgments based on a claimed lack of jurisdiction. There is no question that Lane's removal petition was frivolous. In the order summarily remanding the matter to state court, the federal court concluded that the petition showed "no non-frivolous basis for jurisdiction" and that "it clearly appears on the face of the papers submitted that removal should not be permitted."

Moreover, Lane's removal petition was undeniably untimely. A notice of removal of a civil action must be filed within 30 days after receipt of a copy of the initial pleading (28 USC § 1446 [b]). Here, the foreclosure actions were commenced in December 1994 and Lane's answers were struck in February 1996, yet the removal petition was not filed until May 1997. Therefore, in addition to asserting frivolous grounds for removal, the petition was time-barred and could not have caused the state court to lose jurisdiction (*see Booth v Stenshoel*, 96 Wash App 1019 [1999] [table; text at 1999 WL 438888, 1999 Wash App LEXIS 1206 (1999)] [state court had jurisdiction to enter judgment after removal petition was filed on the day of trial and 16 months after the action was commenced]; *Miller Block Co. v United States Natl. Bank in Johnstown*, 389 Pa Super 461, 567 A2d 695 [1989], *lv denied* 525 Pa 658, 582 A2d 324 [1990] [state court not divested of jurisdiction upon filing of the removal petition where petition was undisputedly untimely]; *Ramsey v A.I.U. Ins. Co.*, 1985 WL 10329, 1985 Ohio App LEXIS 8157 [1985] [an untimely removal petition is a nullity and does not divest the state of jurisdiction]).

Lane's bad faith in filing her removal petition is apparent. After an unsuccessful appeal and the lifting of an appellate stay, Lane filed for bankruptcy and, as a result, obtained yet another

stay of the foreclosure action, which already had been pending for several years. After the bankruptcy stay was lifted, plaintiff submitted proposed judgments of foreclosure. A week later, instead of taking any action in state court, Lane filed her frivolous removal petition. The only fair reading of the record is that Lane's actions in attempting removal were made in bad faith for the purpose of delaying the imminent foreclosures. Lane's bad faith litigation conduct persists to this day, as evidenced by her inexcusable delay in waiting more than 10 years to challenge the judgments despite being aware of their existence within weeks of their entry.

We recognize that some courts have concluded no exceptions should be created to the general rule and thus have invalidated state court action taken after removal but before remand (*see e.g. State of S.C. v Moore*, 447 F2d 1067 [4th Cir 1971]; *State ex rel. Morrison v Price*, 285 Kan 389, 172 P3d 561 [2007]; *People v Martin-Trigona*, 28 Ill App 3d 605, 328 NE2d 362 [1975]). These cases are not binding on us, and in any event, we decline to follow them under the egregious circumstances presented here. With no good reason, Lane waited over a decade before deciding to come back to court to challenge the foreclosures. Her abuse of the legal process, both in filing a bad faith petition and in failing to move to vacate the judgments she unquestionably knew about, cannot be countenanced, particularly in light of the harm that could befall the innocent purchasers of the properties. To hold otherwise would reward Lane for her inexcusable delaying tactics and would be entirely "inconsistent with any notion of fairness and justice" (*Farm Credit Bank of St. Paul v Rub*, 481 NW2d at 457). Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ. [*See* 22 Misc 3d 1108(A), 2008 NY Slip Op 52611(U).]