Filed 8/7/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | | |
|---|---|---|
| CLIPPERJET INC., | | |
| Plaintiff and Respondent, | | G055491 |
| v. | | (Super. Ct. No. 30-2015-00807374) |
| RANDALL TYSON, | | O P I N I O N |
| Defendant and Appellant. | | |

Appeal from a judgment of the Superior Court of Orange County, Geoffrey T. Glass, Judge. Affirmed.

Randall Tyson, in pro. per., for Defendant and Appellant.

Law Office of John D. Ott and John D. Ott for Plaintiff and Respondent.

\*  \*  \*

After defendant Randal Tyson's first failed attempt at removing the case to federal court, his codefendant, Dulany Hill, filed a second notice of removal. Hill's notice of removal was identical to the one defendant had filed and merely substituted Hill's name in the place of defendant's name. During this second removal period, the court denied defendant's untimely motion to strike, which was fully briefed before the second notice of removal was filed. Less than a month later, the federal court again remanded the case. Thereafter, defendant failed to respond to the complaint or to appear for a case management conference. The court entered defendant's default. Defendant took no further action in the case until eight months after the remand, when he moved to set aside the default. The court denied the motion and entered a default judgment against defendant.

Defendant appeals from the default judgment. He contends the court did not have jurisdiction to rule on his motion to strike while the case was removed to federal court. He claims the court's ruling on the motion to strike, while it purportedly lacked jurisdiction, commenced an inappropriate responsive pleading timeline and resulted in a default judgment that we should set aside. We hold that the second notice of removal was untimely, frivolous, and duplicative. Under these unique circumstances we conclude the court retained jurisdiction to rule on the motion to strike. Accordingly, we affirm the judgment.

FACTS

In September 2015, plaintiff filed a complaint against defendant, codefendant Hill, and their alleged companies for breach of contract, fraud, negligent misrepresentation, conspiracy, and aiding and abetting fraud. Defendant moved to quash service of summons in November 2015. In an abundance of caution, plaintiff re-served the summons and complaint, thereby rendering the motion to quash moot. In January

2

2016, defendant demurred to the complaint, but later requested to take the demurrer hearing off-calendar. Concurrently with his request to take the demurrer hearing off-calendar, defendant filed a motion to strike the complaint under Code of Civil Procedure section 435.

Three days before the scheduled hearing on the motion to strike, defendant filed a notice of removal of the action in the United States District Court for the Central District of California. On the same day, he filed a notice of stay in the superior court action, attaching only the face page of the notice of removal. The face page of the notice of removal stated in its entirety: "Defendant Randall Tyson Rebuts the presumption that this is a Breach of Contract issue. Defendant contends and can prove that the matter before the State Court and now this District Court should be distinguished as a disputed matter brought under the disguise of a complaint for Breach of Contract and aiding and abetting Fraud. [¶] Defendant contends that Plaintiff has brought this issue to the Superior Court of Orange County and Central Justice Center prematurely under the scheme of a complaint for Breach of Contract and aiding and abetting Fraud. Defendant files this notice of removal under 28 U.S.C. § 1332 [diversity jurisdiction], 1441(a) [grounds for removal], and 1446 [procedure for removal]."[1]

On June 28, 2016, the federal court summarily remanded the case to the superior court. Although defendant's notice of removal filed in the superior court included only the face page with the above quoted language, the order of remand disclosed the additional allegations defendant made in support of his notice of removal. Specifically, the remand order stated, inter alia, "Plaintiff could not have brought this action in federal court in the first place, and so removal is improper. Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state [citations]. [¶] Nor does Plaintiff's business

---

[1] All further statutory references are to title 28 of the United States Code unless otherwise stated.

3

tort action raise any federal legal question. [Citation.] Pursuant to the 'well-pleaded complaint rule,' federal-question jurisdiction exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.' [Citation.] Although Defendant claims that he 'filed suit in [] federal court claiming matters which involve federal questions,' he fails to allege that any federal law appears on the face of Plaintiff's well-pleaded complaint. [Citations.] Thus, there is no basis for federal-question jurisdiction or for removal under 28 U.S.C. § 1441(a). [Citations.] [¶] Finally Defendant contends that removal is proper under 28 U.S.C. § 1443(1). [Citation.] As a rule, a successful petition for removal under 28 U.S.C. § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel,* 384 U.S. 780 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808 (1966). 'First the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.' [Citation.] 'Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.' [Citaiton.] [¶] Assuming, without deciding, that Defendant satisfies the first prong of this test, he fails to satisfy the second. That is, Defendant fails to identify Any 'state statute or . . . constitutional provision that purports to *command* the state courts to ignore [Defendant's] federal rights.' [Citation.] Defendant's vague assurance that he 'will[,] at trial[,] []show that there is [such] a state law' is insufficient [Citation.] Thus, there is no basis for removal under 28 U.S.C. § 1443(1)."

Nine days after the remand order, July 7, 2016, defendant and his codefendant, Dulany Hill, *each* filed another motion to strike under Code of Civil Procedure section 435, subdivision (b)(1), setting a hearing for August 22, 2016. Once again, however, on August 19, 2016, three days before the scheduled hearing, and after the motions to strike had been fully briefed, codefendant Hill filed a second notice of

4

removal of the action in the United States District Court for the Central District of California. On the same day, Hill filed a notice of stay, attaching the first page of his notice of removal, in the superior court.[2] So far as the record on appeal discloses, Hill's notice of removal was identical to the first notice filed by defendant and merely substituted codefendant Hill's name in the place of defendant's name.

On the date set for the hearing on the motion to strike, August 22, 2016, the court took notice of codefendant Hill's notice of stay but nonetheless denied both motions to strike. Plaintiff served a notice of that ruling on defendant and codefendant Hill on the following day.

On September 16, 2016, the federal court again summarily remanded the case to the superior court on the same grounds it had denied the first notice of removal. The remand order was identical to the prior remand order thereby suggesting that Hill had asserted the same grounds for removal as had previously been asserted by defendant.

On September 23, 2016, the court issued a minute order referencing the remand and stated the "case was never removed from the inventory of the Honorable Geoffrey T. Glass." The order further stated, "Case to remain on the inventory of the Honorable Geoffrey T. Glass . . . for all purposes." The court ordered the clerk to provide notice.

On October 7, 2016, plaintiff filed and served a case management statement noting a case management conference was scheduled for October 17, 2016. Defendant did not appear at the case management conference. The court's October 17, 2016 minute order stated plaintiff's counsel was "waiting for one month from the remand to default the defendants." On November 1, 2016, plaintiff requested entry of default against

---

[2]      On the court's own motion, we augment the record to include the August 19, 2016 notice of stay and notice of removal filed in the Orange County Superior Court, Case No. 30-2015-00807374.

defendant and served a copy of the request on defendant. The court entered default the next day.

On May 30, 2017, defendant filed a motion to set aside the entry of default pursuant to Code of Civil Procedure section 473, subdivision (b). Among other things, he argued he "was under the impression that the matter had been removed from [the court's] jurisdiction by co-Defendant to the Federal District Court at the time of the Motion to Strike hearing . . . and therefore had no knowledge of the court's ruling on the matter and that a responsive pleading was necessary."[3]

The court denied the motion to set aside and on the same day ruled on plaintiff's application for entry of a default judgment by entering judgment against defendant and his company for $1,455.039.92. The court's order does not indicate why it denied the motion to set aside, but defendant's trial court filings suggest the court denied the motion as untimely. Defendant filed a motion for reconsideration to respond to the issue of untimeliness. Defendant argued he filed an untimely motion to set aside because he had to deal with funeral and estate arrangements for his sister who had passed away. The court denied the motion for reconsideration.

## DISCUSSION

Defendant contends the court did not have jurisdiction to rule on his second motion to strike because the case had been removed to federal court. According to defendant, the court's ruling "commenced the inappropriate responsive pleading timeline" and resulted in a default judgment in violation of defendant's due process

---

[3] As noted, the record reflects that defendant was served on August 23, 2016, with the notice of ruling on his motion to strike.

rights.[4]  Defendant accordingly requests that we set aside the default and default judgment.  We decline.  For the reasons below, we recognize a narrow exception to the general rule that state courts lose jurisdiction when a case is removed to federal court.  We therefore find the court had jurisdiction to rule on defendant's motion to strike and affirm the judgment.

The current removal statute provides:  "Promptly after the filing of [the] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal *and the State court shall proceed no further unless and until the case is remanded*."  (§ 1446(d), italics added.)  As a general rule, "state court action [pending removal] is void, even if the removal is ultimately held improper."  (Phillips & Stevenson, Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2019) ¶ 2:3525; see 14C Wright & Miller, Federal Practice and Procedure (4th ed. 2019) § 3736, fn. omitted ["numerous courts have ruled that any post-removal proceedings in the state court are considered coram non judice [i.e., not before a judge] even if the removal subsequently is found to have been improper and the case is remanded back to that state court"].)

A prior version of the removal statute provided that a defendant could file a removal petition in state court requesting removal "'of the cause as against him into the next Circuit Court of the United States to be held in the district where the suit is pending, . . . and *it shall thereupon be the duty of the State court . . . to proceed no further in the cause* as against the defendant so applying for its removal.'"  (*Yulee v. Vose* (1878) 99 U.S. 539, 540, italics added.)  In *Metropolitan Casualty Ins. Co. v. Stevens* (1941) 312 U.S. 563 (*Metropolitan*), the United States Supreme Court interpreted this provision to

---

[4]  "If a party serves and files a notice of motion to strike without demurring to the complaint, the time to answer is extended and no default may be entered against that defendant . . . ."  (Code Civ. Proc., § 435, subd. (c).)

mean state courts retain jurisdiction until the defendant presents a facially valid case for removal. (*Id.* at p. 567 ["proceedings in the state court subsequent to the petition for removal are valid if the suit was not in fact removable"].)

In 1948, as part of a revision and codification of title 28 of the United States Code, a new removal statute was enacted; section 1446. The 1948 enactment took its modern form and provided that a defendant's compliance with the removal filing requirements "shall effect the removal and the State Court shall proceed no further therein unless the case is remanded." (Act of June 25, 1948, ch. 646, § 1446; 62 Stat. 939.) While no published California case has addressed the specific issue presented here, other courts have found the 1948 enactment did not alter the United States Supreme Court's holding in *Metropolitan*. Those cases have recognized a narrow exception providing that a state court retains jurisdiction where the removal notice is frivolous or duplicative. (*See, e.g.*, *McDonald v. Zions First Nat. Bank, N.A.* (Colo.Ct.App. 2015) 348 P.3d 957, 962 ["We . . . hold that a Colorado court is not deprived of jurisdiction where a party's notice of removal to a federal court indicates, on its face and as a matter of law, that the party's attempt to remove the case was without the slightest color of right or merit"]; *Astoria Fed. Sav. & Loan Assn./Fid. N.Y. FSB v. Lane* (N.Y. 2009) 64 A.D.3d 454, 456 [recognizing exception under the "unique circumstances of this case, where the federal court found the removal petition to be frivolous on its face and where it was made in bad faith at the eleventh hour"]; *Bell v. Burlington Northern R. Co.* (Okla.Ct.App. 1986) 738 P.2d 949, 954 [finding the *Metropolitan* rule was "implicit in the old statute's proscription 'proceed no further'" and that "the new statute did not intend to and in fact did not alter the *Metropolitan* rationale or implications"]; but see *Ackerman v. ExxonMobil Corp.* (4th Cir. 2013) 734 F.3d 237, 249 ["the [removal] statute deprives the state court of further jurisdiction over the removed case and . . . any post-removal actions taken by the state court in the removed case action are void *ab initio*"]; *Resolution Trust Corp. v. Bayside Developers* (9th Cir. 1994) 43 F.3d 1230, 1238 ["the clear language of

8

the general removal statute provides that the state court loses jurisdiction upon the filing of the petition for removal"]; *Federal National Mortgage Association v. Milasinovich* (D.N.M. 2016) 161 F.Supp.3d 981, 1010 [finding no exception to the general rule given the plain language of section 1446].)

In *Farm Credit Bank of St. Paul v. Rub* (N.D. 1992) 481 N.W.2d 451 (*Rub*), the Supreme Court of North Dakota addressed a situation where a pro se defendant filed a second removal notice based on the same ground as the first removal. (*Id.* at p. 457.) The state court ignored the second removal notice and proceeded with a trial resulting in a judgment against the defendant. (*Id.* at p. 454.) The Supreme Court of North Dakota recognized "that a state court adjudication, while a removal petition is pending in federal court, is void, even if the federal court subsequently determines that the case is not removable," but adopted a limited exception to that rule. (*Id.* at p. 456.) The court found that a state court retains jurisdiction in cases involving multiple removal petitions based on the same grounds as a previously denied removal. (*Id.* at p. 457.) The court explained: "When the federal court has previously remanded a notice of removal and subsequently denies a second notice of removal by the same party which is based on the same ground, the state court retains jurisdiction. [Citation.] We do not believe Congress intended to allow a defendant to repeatedly file notices of removal and endlessly delay state court proceedings. [Citation.] Condoning that type of abuse of process is inconsistent with any notion of fairness and justice and undermines the purpose of the federal and North Dakota rules of procedure 'to secure the just, speedy, and inexpensive determination of every action.'" (*Ibid*.)

We agree with the above authorities that recognize a narrow exception to the general rule that state courts cannot proceed further when a defendant removes the case. We recognize this limited exception where there is a frivolous or duplicative notice of removal. Here, defendant filed an untimely notice of removal on June 3, 2016. (§ 1446(b)(1) [requiring the notice of removal to be filed within 30 days after defendant

9

is served with the initial pleading or summons].) Not only was it untimely, but it offered no coherent explanation why the action was removable. As explained in the federal court's remand order, federal diversity jurisdiction cannot be asserted where the defendant resides in the forum state. (§1441, subd. (b)(2) ["A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"].) Defendant's notice of removal showed on its face defendant's mailing address was in Long Beach, California. Further, plaintiff's complaint against defendant disclosed no matters involving federal questions. Accordingly, the federal court summarily remanded the case on June 28, 2016.

After this first attempt at removal failed, codefendant Hill filed a duplicative notice of removal on August 19, 2016. Like defendant's first notice, Hill's notice was also filed three days before the scheduled hearing on the motion to strike. And, as far as the appellate record discloses, the second notice of removal was identical to the first notice of removal except that it substituted codefendant Hill's name in place of defendant's name. That conclusion is bolstered by the federal court's remand order — it too is identical to the remand order issued in response to defendant's attempted removal, except for Hill's use of his own name instead of defendant's name. Removal was doomed from the outset. Hill's notice, like defendant's, was untimely. Like defendant, Hill also listed his address as being in California, thereby precluding removal based on diversity jurisdiction. And the allegations made against Hill in plaintiff's complaint were identical to the allegations made against defendant — no federal question was raised in the complaint. Thus, it was clear on the face of the second notice of removal, and on the face of the state court complaint, that the case was not removable. Given the earlier remand of an identical notice, Hill's filing of the duplicative removal notice was frivolous. We infer the court made an implied finding that defendant and codefendant Hill were acting in concert to delay the proceeding, and that Hill's notice of removal

10

should not be given effect.  As expected, the federal court once again summarily remanded the case.

"We do not believe Congress intended to allow a defendant to repeatedly file notices of removal and endlessly delay state court proceedings." (*Rub*, *supra*, 481 N.W.2d at p. 457.)  Under the specific circumstances of this case, we conclude the second removal was both frivolous and duplicative, and for that reason the court retained jurisdiction to rule on defendant's untimely motion to strike.  We decline defendant's implicit invitation to condone his attempt to game the system and to trifle with the court.  We are confident Congress did not intend to allow this conduct.

Other than the ruling on the motion to strike, the court nevertheless treated the case as stayed pending the removal.  Accordingly, the time for defendant to respond to the complaint commenced when the federal court remanded the case.  (Code Civ. Proc., § 430.90, subd. (a)(2) [providing 30 days to respond to the complaint upon remand after removal].)  However, defendant failed to respond to the complaint, did not appear for a case management conference of which he had notice, and took no action until eight months after remand when he filed an untimely motion to set aside the entry of default.  (Code Civ. Proc., § 473, subd. (b) [application for relief from default must be made within six months after the judgment].)  The court accordingly did not err by entering the default and default judgment.

11

DISPOSITION


The judgment is affirmed.  Plaintiff shall recover its costs on appeal.



IKOLA, J.

WE CONCUR:


MOORE, J., ACTING P. J.


GOETHALS, J.