STATE v. JOSEPH STEVENS.

(Filed 6 October, 1910.)

**Murder—Self-defense—Evidence—Questions for Jury.**

Upon a trial for murder, it is error for the trial judge to charge the jury that in no view of the evidence could the prisoner be acquitted upon the ground of self-defense, the testimony of the prisoner tending to show that deceased without provocation cursed and violently assaulted him, a much weaker man, over a dispute they theretofore that day had had, giving in detail an account of an assault which would reasonably make him apprehensive of great bodily harm or of his life, and that the fatal shot was fired when he was unable to get away and in the power of deceased.

APPEAL by defendant from *O. H. Allen, J.,* at the September Term, 1909, of NEW HANOVER.

The facts are sufficiently stated in the opinion.

Indictment for murder of one Shields.

The prisoner was convicted of murder in first degree, and from the judgment of death appeals to the Supreme Court.

*Attorney-General* and *Geo. L. Jones* for State.
*Herbert McClammy, John D. Bellamy* for defendant.

BROWN, J. There are seventy-eight exceptions noted in the voluminous record in the case. The Attorney-General, with characteristic candor, which may well be emulated by all public prosecutors, admits that at least seven of the exceptions are material and well taken, and that the prisoner is entitled to a new trial.

While the opinion of the State's attorney has much weight with us, it is our practice to examine the record carefully ourselves before setting aside a conviction for crime and directing another trial.

We find that many exceptions as to material matters of proof were well taken, but as those errors may not occur on another trial, it is unnecessary to discuss them.

The principal error committed by the judge below was in holding that in no view of the evidence could the prisoner be

acquitted upon the ground of self-defense and in excluding per-
tinent evidence competent to support that plea.

The evidence of the prisoner himself is sufficient to entitle
him to have that plea submitted to the jury under proper in-
structions.  The prisoner testified substantially that he and de-
ceased had a slight dispute in the morning and met again in the
afternoon; that he said "good morning" to deceased, who at once,
without provocation, cursed prisoner and .attacked him; pushed
his head violently against corner of shed; hit him four times,
three times in eye causing excruciating pain and blinding him;
that prisoner resisted as best he could, but that deceased weighed
200 pounds, was six feet high and was a far more powerful man
than prisoner and capable of doing him serious bodily harm;
that deceased had prisoner by the neck, and his nose and mouth
jammed against deceased stomach, and was beating him so se-
verely that prisoner was afraid of his life, and that in such con-
dition, unable to get away, he drew his pistol and shot deceased.

In the prisoner's version of the affair he did not enter the
fight willingly, and is not debarred from the plea of self-defense
on that ground.  He was seized by the deceased, who the pris-
oner testifies was a powerful and desperate man, capable of do-
ing him great bodily harm, and who proceeded to beat the pris-
oner most unmercifully, attempting to knock out his eyes.

Under such circumstances, whether the prisoner used excessive
force in repelling the assault with his pistol was one peculiarly
for the jury.

The innocence of the prisoner depends upon whether, from the
whole testimony, or from that of any witness, including himself,
at the time of the killing, he himself was without fault and then
had a reasonable ground to believe the attempt·of the deceased
was with the design to take his life or to do him great bodily
harm.

The reasonableness of prisoner's apprehensions was not a
question to be decided by the prisoner or by the court, but by
the jury to whom it should have been submitted with proper in-
structions.  *S. v. Harris,* 46 N. C., 190; *S. v. Dixon,* 75 N. C.,
277.

New trial.