# IN THE COURT OF APPEALS OF IOWA

No. 14-1549
Filed July 27, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MERRILL LEE HOWARD,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

Howard appeals the district court's imposition of a fifty percent minimum sentence at his resentencing. **SENTENCE VACATED, CASE REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, Vidhya K. Reddy, Assistant Appellate Defender, and Anagha Dixit, Student Legal Intern, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

Heard by Danilson, C.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

When Merrill Howard was sixteen years old, he participated in a drive-by shooting that resulted in the death of a young girl. Howard pled guilty to second-degree murder and was sentenced to a prison term not exceeding fifty years, with a mandatory minimum term of eighty-five percent.[1]

The Iowa Supreme Court subsequently concluded "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of our constitution." *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014). The court applied its decision "to all juveniles currently serving a mandatory minimum sentence of imprisonment" and "require[d] all juvenile offenders . . . in prison under a mandatory minimum sentence to be returned to court for resentencing." *Id.* at 403.

Howard returned to court for resentencing. Following a hearing, the district court resentenced him to "a term not to exceed 50 years . . . with the possibility of parole after [he] ha[d] served 25 years."

On appeal, Howard argues (1) "the Iowa Constitution categorically bans the imposition of any minimum term of incarceration upon a juvenile offender," (2) "Iowa Code section 901.5(14) does not allow the court to suspend only a portion of the mandatory minimum sentence (rather than the entirety thereof), such that the 50% mandatory minimum imposed by the court is illegal," (3) "the district court abused its sentencing discretion in that it erroneously believed the

---

[1] Iowa Code section 902.12 (2015) was subsequently amended, retroactively reducing the mandatory minimum term for second-degree murder to seventy percent.

statutorily prescribed minimum was 85% rather than 70%," and (4) "the district court abused its sentencing discretion or, alternatively, violated constitutional prohibitions on cruel and unusual punishment, when it failed to properly apply the *Miller*, *Null*, and *Lyle* line of cases."[2]

*I.* As noted, the Iowa Supreme Court in *Lyle* struck down mandatory minimum terms of incarceration for juvenile offenders. *Id.* However, the court limited the holding as follows:

> [O]ur holding focuses exclusively on a statutory schema that requires a district court to impose a sentence containing a minimum period of time a juvenile must serve before becoming eligible for parole . . . we do not consider the situation in which a district court imposes a sentence that denies the juvenile the opportunity for parole in the absence of a statute requiring such a result.

*Id.* at 401 n.7. Howard acknowledges the court "did not consider or decide whether imposition of a minimum sentence, in the absence of a statute mandatorily requiring such minimum, would be unconstitutional." But he argues the *Lyle* court's reasons for holding mandatory minimum sentences unconstitutional apply with equal force to "the discretionary imposition of a minimum sentence upon a juvenile offender."

This court has declined to extend the reach of *Lyle* to discretionary minimum sentences imposed on juvenile offenders. *See State v. Davis*, No. 14-2156, 2016 WL 146528, at *4 (Iowa Ct. App. Jan. 13, 2016) ("The Iowa Supreme Court did not hold in *Lyle* that district courts are prohibited in all cases from imposing minimum sentences for juvenile offenders."); *State v. Propps*, No. 15-0235, 2015 WL 9451072, at *2 (Iowa Ct. App. Dec. 23, 2015) ("[A]t the end of the

---

[2] *See Miller v. Alabama*, 132 S. Ct. 2455 (2012); *State v. Null*, 836 N.W.2d 41 (Iowa 2013); *Lyle*, 854 N.W.2d at 378.

day, the [*Lyle*] court limited its holding to prison sentences with mandatory minimum terms."); *State v. Marshall-Limoges*, No. 14-1610, 2015 WL 4936265, at *1 (Iowa Ct. App. Aug. 19, 2015) (noting that "*Lyle* [wa]s inapplicable" where "none of the sentences . . . involve[d] mandatory minimum terms of incarceration"). As we stated, "It is appropriate for our court to defer to the supreme court on whether to extend the holding[] of . . . *Lyle* to cases where juvenile offenders do not face any mandatory minimum sentences." *State v. Means*, No. 14-1376, 2015 WL 6509741, at *9 (Iowa Ct. App. Oct. 28, 2015). We see no reason to deviate from these pronouncements.

*II.* As noted, the district court sentenced Howard to a prison term not exceeding fifty years, with the possibility of parole after serving twenty-five years. Howard contends the twenty-five-year prong of the sentence is illegal. He relies on section 901.5(14), which states:

> [I]f the defendant . . . is guilty of a public offense other than a class "A" felony, and was under the age of eighteen at the time the offense was committed, the court may suspend the sentence in whole or in part, including any mandatory minimum sentence . . . .[3]

In his view, this provision does not authorize a district court "to select a particular minimum term less than the statutorily prescribed minimum."

The State acknowledges "that Iowa Code section 901.5(14) does not permit imposition of a minimum term of confinement as determined by the court" but "parts company . . . with Howard over the reason and the result." According to the State, "the Code does not permit retroactive application of an ameliorative

---

[3] The provision was in effect at the time of Howard's resentencing hearing but not at the time of his conviction or original sentencing.

sentencing provision in the absence of a specific direction to do so. . . . Accordingly, section 901.5(14) did not apply to Howard because his conviction was final long before section 901.5(14) was passed."

The question of whether section 901.5(14) applies retroactively was identified by the majority in *Lyle*. The majority noted, "The State argues, and Lyle does not disagree, that the statute does not apply retroactively. *See* Iowa Code § 4.13(1)(c) (2013)." *Lyle*, 854 N.W.2d at 388 n.4. A dissenting opinion addressed the retroactivity question head on, stating:

> Two years after Lyle's conviction, the legislature prospectively granted sentencing courts discretion to waive mandatory minimums if the defendant was under age eighteen at the time he committed the crime. Significantly, however, the legislature chose not to make this amendment retroactive. *See* Iowa Code § 4.5 (2013) ("A statute is presumed to be prospective in its operation unless expressly made retrospective.").

*Id.* at 406 n.12 (Waterman, J., dissenting) (citation omitted). This portion of the dissenting opinion was unassailed.

As in *Lyle*, Howard does not take issue with the State's retroactivity analysis but simply presumes section 905.1(14) applied on resentencing. In light of this posture and Justice Waterman's clear pronouncement that the statute only applies prospectively, we assume without deciding that the statute does not apply retroactively.[4] *See State v. Posey*, No. 15-0170, 2015 WL 6508494, at *1

---

[4] A partial concurrence and dissent in *State v. Louisell*, 865 N.W.2d 590, 604 (Iowa 2015), suggested a juvenile sentencing statute applicable to Class "A" felonies should apply to resentencing hearings. (Mansfield, J., concurring in part and dissenting in part). But, as Justice Mansfield explained, that statute expressly made the provision retroactive.

This court has applied section 901.5(14) where an original sentencing occurred after the effective date of the statute. *See State v. Howell*, No. 14-1411, 2015 WL 4468951, at *3 (Iowa Ct. App. July 22, 2015) (noting provision applied to sentencing after effective date of statute, stating, "The record in this case provides no indication the

n.1 (Iowa Ct. App. Oct. 28, 2015) (declining to consider retroactivity issue where "at no point in his briefs" did the defendant argue "that section 901.5(14) should be made retroactive and applied to him"). Under this premise, the State asserts "the remedy is to remand for imposition of a 50-year sentence with immediate parole eligibility," the same remedy proposed by Howard. Both the State and Howard rely on the supreme court's opinion in *Louisell*, 865 N.W.2d at 590. *See also Lyle*, 854 N.W.2d at 404 n.10 ("If the mandatory minimum sentence is not warranted, the district court shall resentence the defendant by imposing a condition that the defendant be eligible for parole. If the mandatory minimum period of incarceration is warranted, the district court shall impose the sentence provided for under the statute, as previously imposed.").

In *Louisell*, the juvenile defendant was convicted of first-degree murder and was sentenced to life in prison without parole, the only sentence authorized at the time of the offense. 865 N.W.2d at 593-94. After that sentence was held unconstitutional for juveniles, the district court resentenced the defendant to life with eligibility for parole after twenty-five years. *Id.* at 595. The Iowa Supreme Court concluded this sentence—prescribed by Iowa Code section 902.1(2)(a)— was unconstitutional under *Lyle*. *Id.* at 600. The court further concluded "[T]he district court did not have discretion under the remaining sentencing framework to decide Louisell's eligibility for parole commenced after serving a specific term of twenty-five years in prison." *Id.* at 601. The court did not remand the case for

district court was aware of new subsection 901.5(14)" and vacating sentence); *State v. Edwards*, No. 13-1649, 2014 WL 3930467, at *1 n.2 (Iowa Ct. App. Aug. 13, 2014) (noting "[n]either party nor the court addressed or applied this new code section to this case, though it was applicable at the time of sentencing" and finding it unnecessary to address this issue as a separate error).

resentencing. The court "vacate[d] this aspect of the sentence and remand[ed] for entry of a sentence of life in prison with eligibility for parole." *Id.*

Here, although the district court did not have the benefit of *Louisell* at the time of resentencing, we agree the disposition is controlling. While we could envision arguments in support of a contrary disposition, those arguments have not been made here, and "[u]nder Iowa law, the only issues reviewable are those presented by the parties." *Mueller v. St. Ansgar State Bank*, 465 N.W.2d 659, 660 (Iowa 1991); *see also State v. Seering*, 701 N.W.2d 655, 661 (Iowa 2005) ("In the absence of an argument on these allegations, we deem them waived."). We vacate Howard's sentence and remand solely for entry of an amended and substituted sentencing order imposing an indeterminate fifty year prison sentence with no minimum term and immediate eligibility for parole. In light of our disposition, we find it unnecessary to address Howard's remaining two arguments.

**SENTENCE VACATED, CASE REMANDED WITH DIRECTIONS.**

Danilson, C.J., concurs specially; McDonald, J., dissents.

**DANILSON, C.J.** (specially concurring)

I concur specially to explain my support for the majority opinion and respond in part to the dissent. First, I do not concur in the result because of any "agreement" between the parties on appeal, although I agree with the majority that they propose the same resolution for differing reasons. I would acknowledge the State suggested we could remand for resentencing if we did not find *State v. Louisell*, 865 N.W.2d 590 (Iowa 2015), controlling. And upon questioning during oral arguments, the State agreed we could bypass the elephant in the room by simply concluding the court considered an impermissible factor, i.e., that the mandatory minimum eighty-five percent remained a sentencing option when it clearly was not. However, the State did not find the latter option appealing, and I find *Louisell* controlling. Although the issue of whether Iowa Code section 901.5(14) is retroactive could be the subject of debate, I find the majority opinion's resolution of the issue best supported by the statutory and case law as it presently exists.

I agree with the majority opinion because the trial court concluded it was not reasonable to impose the mandatory-minimum seventy percent after considering the *Miller* factors, which are required considerations after *State v. Lyle*, 854 N.W.2d 378, 402 (Iowa 2014). But, similar to the facts in *Louisell*, 865 N.W.2d at 601, the district court erred by limiting Howard's eligibility for parole until he served at least twenty-five years. In *Louisell*, our supreme court could have sent the case back for resentencing as urged by the dissent in that case. Instead, the court concluded it was reasonable under the facts before it for Louisell to be immediately eligible for parole, and simply vacated the sentencing

order and remanded for a new sentencing order granting immediate eligibility for parole. *Louisell*, 865 N.W.2d at 601. If the *Louisell* decision had resulted in the defendant being sent back for resentencing, the district court would have had two sentencing options, life without parole or life with immediate eligibility for parole—at least until our supreme court rendered its decision in *State v. Sweet*.[5] Similarly, there are reasons to support a sentence absent a mandatory-minimum term in this case in light of Howard's dysfunctional childhood and intellectual capabilities. Accordingly, remanding this action for yet another resentencing hearing is a waste of judicial resources. Instead, I concur in following the principles recited in *Louisell*, as is our responsibility.

---

[5] In *Sweet*, ___ N.W.2d ___, ___, 2016 WL 3023726, at *28-29 (Iowa 2016), the Iowa Supreme Court concluded any life sentence imposed upon a juvenile is cruel and unusual unless the defendant is granted immediate eligibility for parole.

**MCDONALD, Judge.** (dissenting)

I concur in the conclusion the district court erred in imposing Howard's sentence. The district court failed to comply with *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014). Specifically, the district court did not consider each of the *Lyle* factors and considered some factors to be aggravating rather than mitigating. *See Lyle*, 854 N.W.2d at 402 n.8 (providing factors are mitigating). *But see State v. Sweet*, 879 N.W.2d 811, 837 (Iowa 2016) (concluding the factors are without value and cannot be applied in "any principled way"). The district court erred when it sentenced the defendant based on the assumption the defendant was subject to an 85% minimum sentence. The district court erred in concluding Iowa Code section 901.5(14) (2015) gave it the authority to impose a determinate term of incarceration prior to parole eligibility. Any of these reasons, standing alone, is ground for vacating the defendant's sentence and remanding this matter for resentencing. The majority does not do this. Instead, the majority remands with direction to enter a sentence making the defendant immediately eligible for parole. I dissent from the majority's disposition of this case.

I.

While Howard was trying to kill several people during a drive-by shooting, he instead killed an innocent bystander, a nine-year-old girl who happened to be in Davenport with her family for a wedding. It was a tragic event but not an unpredictable one. At the time of the murder, Howard was only sixteen years old, but he was already a prodigious criminal. At the time of the original sentencing hearing, the presentence investigation report showed Howard had been reprimanded or adjudicated delinquent for numerous offenses, including:

robbery in the first degree; three counts of robbery in the second degree, arising out of different incidents; assault while participating in a felony; carrying a concealed weapon; willful injury; disorderly conduct; harassment; and trespass. In addition, he had failed to appear at an adjudicatory hearing on one occasion and had absconded from the Clarinda Correctional Facility on another occasion. The district court sentenced Howard to an indeterminate term of incarceration not to exceed fifty years. *See* Iowa Code § 707.3 (2001). At the time of sentencing, the defendant was required to serve the entire term without parole eligibility subject to a fifteen-percent reduction in his sentence for earned time. *See* Iowa Code §§ 902.12 and 903A.2. Subsequent to the imposition of sentence, Iowa Code section 902.12 was amended to provide ameliorative relief for offenders. Pursuant to the amendment, the defendant's sentence was changed to an indeterminate term of incarceration not to exceed fifty years with a seventy percent minimum prior to becoming eligible for parole.

Subsequent to Howard's conviction, the supreme court created a new "sentencing schema" for juvenile offenders. In *Lyle*, the supreme court held the Iowa Constitution forbade the imposition of mandatory minimum sentences on juveniles. *See* 854 N.W.2d at 400. The supreme court rejected the conclusion that imposition of a minimum term of incarceration on juvenile offenders is per se unconstitutional. *See id.* at 403 ("Some juveniles will deserve mandatory minimum imprisonment, but others may not."), 404 ("On remand, judges will do what they have taken an oath to do. They will apply the law fairly and impartially, without fear. They will sentence those juvenile offenders to the maximum sentence if warranted and to a lesser sentence providing for parole if

warranted."). The *Lyle* court concluded the sentencing court may impose a statutorily authorized minimum term of incarceration so long as the sentencing court makes an individualized determination of the sentence upon consideration of certain factors. *See id.* at 404 n.10 (citing *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012)). The supreme court held its decision was retroactive, requiring "all juvenile offenders who are in prison under a mandatory minimum sentence to be returned to court for resentencing." *See id.* at 403.

Howard was one of the offenders returned to the district court for resentencing pursuant to *Lyle.* Prior to Howard's resentencing, the legislature provided additional sentencing relief to persons convicted of an offense where the person was less than eighteen years of age at the time of the offense.

> Notwithstanding any provision in section 907.3 or any other provision of law prescribing a mandatory minimum sentence for the offense, if the defendant, other than a child being prosecuted as a youthful offender, is guilty of a public offense other than a class "A" felony, and was under the age of eighteen at the time the offense was committed, the court may suspend the sentence in whole or in part, including any mandatory minimum sentence, or with the consent of the defendant, defer judgment or sentence, and place the defendant on probation upon such conditions as the court may require.

2013 Iowa Acts, ch. 42, § 14 (codified at Iowa Code § 901.5(14)). At resentencing, the parties and the district court agreed the ameliorative statute was applicable to Howard. The prosecutor stated "under the newer Code section 901.5(14), the legislature has given the Court wide latitude to consider any and all possibilities concerning defendants who committed their crimes when they were under the age of 18." Defense counsel stated, "I do agree with the State that the statute does allow the court to impose whatever sentence the Court

wants to, anywhere from deferred judgment to probation to a lighter sentence to the mandatory minimum." The district court also concluded that it had authority under the new statute, stating, "The Court has also considered the broad latitude afforded the Court under Iowa Code section 901.5(14)." Pursuant to the ameliorative statute, the district court ordered the defendant to an indeterminate term of incarceration with a minimum term of twenty-five years prior to parole eligibility. This is the sentence at issue in this appeal.

## II.

I part ways with the majority for several reasons. First, I disagree with the majority's assumption that section 901.5(14) was not applicable at Howard's resentencing and would not be applicable if this matter were remanded for resentencing. Second, I disagree with the majority's decision to act as the sentencing court. Third, to the extent the majority holds *Louisell* is controlling here, I disagree. Fourth, to the extent the majority holds this court is bound by the parties' purported agreed-upon disposition of this case, I disagree. My disagreement on this last point raises a fundamental issue regarding the nature of the judicial power. The Iowa Constitution vests the judicial power in the courts of this State, and it is not subject to arrogation by agreement of the parties.

## A.

The majority does not answer the question of whether the district court erred in applying section 901.5(14) at the time of resentencing. Instead, the majority "assume[s] without deciding" the statute is not retroactive. (Ante at 5.) It seems odd to not decide the issue. First, in the typical case, we only assume the answer to an issue when other issues in the same case are dispositive, e.g.,

when resolving a case on harmless error or *Stickland* prejudice grounds. In this case, whether or not section 901.5(14) applied at the time of resentencing is one of the, if not the, central issues in this case. Not only is the issue a central one in this case, the majority's opinion turns on the State's agreement as to the disposition of this case, which was contingent on the resolution of whether section 901.5(14) applied at resentencing, but this is the issue the majority opinion does not decide. Second, the majority opinion decides to not decide because Howard "does not take issue with the State's retroactivity analysis." It seems to me he does. An entire division of Howard's brief addresses section 901.5(14). Regardless, perhaps Howard does not take issue with the State's retroactivity analysis because it was raised in the State's brief and he chose not to file a reply brief. Perhaps he thought the argument frivolous and not worthy of response. In any event, the entire enterprise is speculative. Finally, the majority concludes it need not decide the issue because of the "posture" of this case and Justice Waterman's "clear pronouncement" in a dissenting opinion in *Lyle* that section 901.5(14) is not retroactive. It is unclear why Justice Waterman's clear pronouncement of his views in a dissenting opinion in some other case obviates the need to decide the questions presented in this appeal.

On the merits, this is not a case of "retroactivity." The concept of retroactivity is implicated where a defendant claims his otherwise legal sentence should be corrected or modified *because of* some change in the law. Howard's claim is not one of retroactivity, i.e., that he should be resentenced because the legislature provided ameliorative relief in section 901.5(14). Instead, Howard's claim is that his sentence is void for other reasons and that he is entitled to be

resentenced in accord with ameliorative sentencing provisions in effect at the time of his resentencing. This is a meaningful distinction. Howard's sentence was vacated as if it never existed. Thus, the resentencing hearing conducted in this case was a plenary sentencing hearing because no legal sentence has ever been "imposed." *See Sweet*, 879 N.W.2d at 834 (stating the court's juvenile sentencing jurisprudence is "broadly substantive and not narrowly procedural"). The plain language of the code makes the statute applicable at a plenary resentencing hearing. *See* Iowa Code § 4.13(2) ("If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment *if not already imposed* shall be imposed according to the statute as amended." (emphasis added)); *State v. Louisell*, 865 N.W.2d 590, 604 (Iowa 2015) (Mansfield, J., concurring in part and dissenting in part) (concluding ameliorative sentencing statute enacted after original sentencing should be applied at resentencing where the original sentence was vacated as illegal and thus void); *Lyle*, 854 N.W.2d at 382 ("An unconstitutional sentence is an illegal sentence.").

B.

I also disagree with the majority's decision to act as the sentencing court. I begin with an assessment of the sentences that would have been available to the district court following remand had the majority not remanded this matter with instruction. The relevant sentencing statutes would have been section 707.3, which provides that murder in the second degree is a class "B" felony punishable by a term of incarceration not to exceed fifty years, section 902.12, which imposes a seventy-percent minimum for murder in the second degree, and

section 901.5(14), which provides ameliorative relief to offenders under the age of eighteen at the time of the offense. Under section 901.5(14), the district court would have had the discretion to impose a term of incarceration, including the imposition of a seventy-percent minimum prior to the defendant becoming eligible for parole. The statute would have allowed the district court to suspend "the sentence in whole or in part," defer judgment, or defer sentence and place the defendant on probation. In suspending "the sentence," the district court could have suspended the "mandatory minimum sentence" in whole but not in part. In other words, the sentencing court could not have selected a determinate minimum term. Even assuming section 901.5(14) would not have been applicable following remand, *Lyle* does not prevent the imposition of a discretionary minimum sentence following a constitutionally compliant individualized sentencing hearing. Thus, at minimum, the district court would have had the discretion to impose the seventy-percent minimum authorized pursuant to section 902.12 or make the defendant immediately eligible for parole.

The majority does not dispute the sentencing court would have had the discretion to impose one of the several sentences set forth in the preceding paragraph. Nonetheless, the majority restricts the district court's sentencing discretion and instructs the district court to make the defendant immediately eligible for parole. I disagree with this assertion of sentencing authority. This court is a court for the correction of legal error. *See* Iowa Code § 602.5103 (providing the court of appeals "constitutes a court for correction of errors at law"). It is not a sentencing court. *See Louisell*, 865 N.W.2d at 606 (Mansfield, J., dissenting) ("The close question for me is not whether we can sentence

Louisell on our own to life with parole. Clearly, we cannot do this. We are not a sentencing court."). The sentencing decision is better left to the district court, which can exercise discretion based on evidence, argument, and the defendant's allocution. The majority denies the parties the right to present evidence and argument. The majority denies the defendant the right to allocute. The majority denies the defendant the opportunity to request a lesser punishment authorized pursuant to section 901.5(14). Specifically, the defendant would have had the opportunity to request a suspended sentence and immediately be released on probation. That is meaningfully different than being made parole eligible. The majority denies the victim's family the right to participate in resentencing this defendant. The majority denies the State the right to argue for imposition of a discretionary minimum sentence. The majority leaves everyone potentially worse off.

Given the foregoing, why remand with instruction to impose this particular sentence? The majority discusses *Louisell*. Perhaps the majority concludes *Louisell* controls the result in this case? Perhaps the majority concludes this court is bound by the State's purported concession that *Louisell* is dispositive and requires remand with instruction? The rationale is unclear. I address each possibility in turn.

## C.

To the extent the majority concludes the disposition of this matter is compelled by *Louisell*, I disagree. *Louisell* is inapplicable here. Louisell was sentenced to life in prison without parole eligibility pursuant to Iowa Code section 902.1 (1987). Her sentence was vacated as illegal pursuant to the supreme

court's recent juvenile sentencing decisions. Following a *Miller* resentencing hearing, Louisell was resentenced to life in prison with parole eligibility after a determinate term of twenty-five years. On appeal, the supreme court concluded the new sentences were unconstitutional. The supreme court considered the potential sentences that could have been imposed pursuant to an amended version of Iowa Code section 902.1. In analyzing each of the authorized sentences, the supreme court severed from the amended section 902.1 each of the alternatives it found unconstitutional. It then arrived at a sentence from what remained after severing the unconstitutional provisions.

This case is distinguishable. First and foremost, the statute at issue in *Louisell*—the amended version of Iowa Code section 902.1(2), setting forth the sentences applicable to a defendant convicted of murder in the first degree—is not applicable to this case. The sentencing statutes at issue in this case are sections 707.3, 901.5(14), and 902.12, none of which were addressed in *Louisell*. The majority does not attempt to explain how *Louisell* dictates the result in this case when *Loiusell* interpreted a statute not at issue in this case and when it is not disputed the sentencing court in this case would have had the discretion to choose among several lawful sentencing alternatives. To the contrary, the majority opinion acknowledges *Louisell* does not require the result in this case. *See* ante at 7 (stating "[w]hile we could envision arguments in support of a contrary disposition, those arguments have not been made here"). Further, the majority in this case acknowledged in a recently filed case that *Louisell* does not even compel remand with instruction where section 902.1 is at issue. *See State v. Roeuth*, No. 15-0954, 2016 WL 3274211, at *2 (Iowa Ct. App. June 15, 2016)

("[W]e reverse the sentence imposed by the district court and remand for resentencing consistent with this opinion."). Finally, the majority opinion does not even acknowledge that the supreme court has concluded *Louisell* is no longer controlling with respect to disposition. In *State v. Querrey*, 871 N.W.2d 126, 126 (Iowa 2015), the supreme court held that the appropriate disposition in cases of this type is to remand for resentencing.

D.

The secondary explanation for remand with instruction must be the majority opinion's unstated conclusion that this court is bound by the State's agreement with, or concession to, Howard's argument that the appropriate disposition of this case is "remand to the district court for entry of an indeterminate fifty-year sentence with immediate eligibility for parole." To the extent the majority's rationale for remanding with instruction is because the State conceded the issue or the parties otherwise agreed to it, I disagree in several respects.

First, it is not clear the defendant and the State actually agree on the disposition of this case. The defendant raised several challenges to his sentence, and the defendant did not request the same disposition for each challenge. The defendant actually asked this matter be remanded for resentencing for two of the four claims he raised. The State did not request the same disposition with respect to each of the defendant's claims. The parties did not even agree with respect to the defendant's claim regarding section 901.5(14). The State contends the statute is inapplicable. The State's request for relief with respect to this claim is contingent: if this court agrees section 901.5(14) is not

retroactive, the remedy is remand for imposition of an indeterminate sentence not to exceed fifty years with immediate parole eligibility; but if the court concludes the statute is retroactive, the State argues, "then the remedy is to remand for application of that statute." As noted above, the majority opinion does not actually decide the "retroactivity" issue. In the absence of a holding on that issue, I do not see where the majority opinion finds the purported concession or agreement.

Second, even assuming the State conceded the issue or the parties otherwise agreed *Louisell* requires remand with instruction that the defendant be immediately eligible for parole, the State's concession or the parties' agreement does not relieve this court of its obligation to administer the criminal laws in the interest of justice as the legislature intended.

> The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed. The public interest that a result be reached which promotes a well-ordered society is foremost in every criminal proceeding. That interest is entrusted to our consideration and protection as well as that of the enforcing officers. Furthermore, our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties.

*Young v. United States*, 315 U.S. 257, 258-59 (1942) (citations omitted); s*ee also Sibron v. New York*, 392 U.S. 40, 58-59 (1968) ("Confessions of error are, of course, entitled to and given great weight, but they do not relieve this Court of the performance of the judicial function."). Like the United States Supreme Court, our supreme court holds that appellate courts are not bound by concessions or agreements relating to the administration of the criminal laws. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) ("The State requests we vacate

Hennings' sentences and remand the case for resentencing to allow the district court to state its reasons on the record. We, however, are not bound by the State's concession."), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016). *Hennings* is controlling authority on this point, but the majority ignores *Hennings*.

The soundness of the rule—that this court is not bound by the parties' agreement regarding the administration of the criminal law—is demonstrated by the following hypothetical. Assume Howard had argued the only disposition available in this case was remand with direction to suspend the sentence and immediately place him on probation. This is an incorrect statement of the law. What if the State nonetheless conceded to the argued-for disposition as a correct statement of the law? Would the majority conclude it was bound by this concession and remand this matter with direction to suspend the sentence and immediately place the defendant on probation? If the majority would not be bound by this hypothetical concession, why does it conclude it is bound by the State's purported agreement in this case?

This is not a question of "waiver," as the majority frames the issue, it is a question of constitutional authority and duty. "The powers of the government of Iowa shall be divided into three separate departments—the Legislative, the Executive, and the Judicial: and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others, except in cases hereinafter expressly directed or permitted." Iowa Const. art. III, § 1. The "doctrine is violated if one branch of government purports to use powers that are clearly forbidden, or

attempts to use powers granted by the constitution to another branch." *State v. Wade*, 757 N.W.2d 618, 627 (Iowa 2008).

"The Judicial power shall be vested in a Supreme Court, District Courts, and such other Courts, inferior to the Supreme Court, as the General Assembly may, from time to time, establish." Iowa Const. art. V, § 1. "Judicial power vested in the courts by the Iowa Constitution is the power to decide and pronounce a judgment and carry it into effect." *Klouda v. Sixth Judicial Dist. Dep't of Corr. Servs.*, 642 N.W.2d 255, 261 (Iowa 2002). A sentence is "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted." Black's Law Dictionary (6th ed. 1990). "This is consistent with the definition of judicial power: the power to decide and pronounce a judgment and carry it into effect. Sentencing therefore falls within the realm of judicial power." *Klouda*, 642 N.W.2d at 261; *see Doe v. State*, 688 N.W.2d 265, 271 (Iowa 2004) ("Sentencing, of course, is a judicial function."); *State v. Johnson*, 630 N.W.2d 583, 588 (Iowa 2001) ("Subject to the statutorily prescribed punishments for criminal offenses, the actual sentencing of a defendant is an independent function that is the *sole* province of the judiciary."); *State v. Longo*, 608 N.W.2d 471, 475 (Iowa 2000) ("[S]entencing is the sole prerogative of the judge."). "Because sentencing falls within the realm of judicial power, any encroachment on this power is a violation of the separation-of-powers doctrine." *Klouda*, 642 N.W.2d at 261-62.

The decision to be bound by the parties' purported agreed-upon disposition of this case is an abdication of the judicial power to the executive

branch and the criminal defendant. It is the judicial branch's exclusive power and duty to interpret and apply the legislature's sentencing schema to defendants in the individual case. "A court should never abdicate this essential duty of the judicial branch of government to counsel or the parties before the court." *NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 466 (Iowa 2010); *see Johnson*, 630 N.W.2d at 590 ("When a court has discretion in sentencing, it must exercise that discretion."); *Iowa Dist. Ct.*, 616 N.W.2d at 578 ("When a minimum sentence is prescribed, however, the legislature ordinarily requires a judicial determination of its applicability."); *State v. Ayers*, 590 N.W.2d 25, 28 (Iowa 1999) (rejecting argument that sentence could be affirmed due to lack of error preservation where the prosecutor and defendant invited error by erroneously agreeing the sentencing court's discretion was limited when "the statute clearly gives the sentencing court discretion"). As set forth above, on remand, the district court would have had the discretion to impose one of several sentences. The majority does not dispute this. To nonetheless restrict the sentencing discretion of the district court solely because the parties agreed to the restriction is to cede judicial power to the litigants. The judicial power is not so infirm as to prevent the maladministration of the criminal laws merely because the parties stipulated to it.

To the best of my knowledge, every court that has considered this issue has rejected the notion that the judicial branch must cede its power and duty to administer the criminal laws to the parties where the parties agree on the wrong result. *See, e.g.*, *Sibron*, 392 U.S. at 58 ("Confessions of error are, of course, entitled to and given great weight, but they do not 'relieve this Court of the

performance of the judicial function.'"); *United States v. Sanchez-Berrios*, 424 F.3d 65, 81 (1st Cir. 2005) ("A concession by either party in a criminal case as to a legal conclusion is not binding on an appellate court."); *United States v. Vasquez*, 85 F.3d 59, 60 (2d Cir. 1996) ("[W]e observe that the Government's concession that the section 924(c) conviction should be vacated does not automatically govern an appellate court's disposition of an appeal."); *Gov't of Virgin Islands v. Josiah*, 641 F.2d 1103, 1107 n.1 (3d Cir. 1981) ("[A] government concession on a question of law is not binding on this court."); *United States v. Rodriguez*, 433 F.3d 411, 414 n.6 (4th Cir. 2006) ("At oral argument, the Government conceded that Rodriguez is entitled to resentencing. . . . This concession does not end our inquiry, however, as we are not at liberty to vacate and remand for resentencing on the Government's concession of error alone."); *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008) ("We are not bound by the Government's concession of error and give the issue independent review."); *United States v. Ramirez*, 675 F.3d 634, 645 (7th Cir. 2011) ("[W]e reject the government's confession of error in Ocampo's appeal."); *United States v. Avery*, 295 F.3d 1158, 1169 (10th Cir. 2002) ("A party's concession of legal error, however, cannot, standing alone, justify reversing a district court, nor can that concession relieve this court of its obligation to evaluate the merits of the legal issue presented on appeal."); *United States v. Linville*, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000) ("The Government concedes error. We are not required to accept such a concession when the law and record do not justify it."); *United States v. Baldwin*, 563 F.3d 490, 491 (D.C. Cir. 2009) ("We are not obligated to accept the government's confession of error . . . particularly when there is reason

to doubt whether the government's position is correct."); *Mattern v. State*, 500 P.2d 228, 231 n.5 (Alaska 1972) ("In this jurisdiction, however, a confession of error does not relieve the court of its appellate function."); *People v. Alvarado*, 184 Cal. Rptr. 483, 492 (Cal. Ct. App. 1982) ("We reach this conclusion after paying appropriate deference to the concession by the People through the Attorney General's representations that reversible error occurred. We believe we are not bound by the concession."); *People v. Nave*, 689 P.2d 645, 647 (Colo. App. 1984) ("Since the existence of due process is a question of law, we are not bound by the attorney general's oral concession."); *State v. Warholic*, 897 A.2d 569, 585 n.11 (Conn. 2006) ("Even if the State maintained its concession, we would not be bound by it."); *Walls v. State*, 560 A.2d 1038, 1052 (Del. 1989) ("However, '[a] confession of error does not require the reversal of the judgment of conviction in the trial court. Despite [the confession of error], . . . this Court must make an independent determination that a reversible error was committed.'" (alterations in original)); *Rose v. United States*, 629 A.2d 526, 533 (D.C. 1993) ("[A]s this court put it long ago, we cannot set aside the conviction 'on confession of error alone'; the 'public interest prevents shifting the responsibility for reversal from the appellate court to the prosecuting official.'"); *Perry v. State*, 808 So. 2d 268, 268 (Fla. Dist. Ct. App. 2002) ("A confession of error, however, is not binding upon an appellate court . . . and it is the practice of Florida appellate courts not to accept erroneous concessions by the state."); *State v. Solomon*, 111 P.3d 12, 21 (Haw. 2005) ("[A] confession of error by the prosecution is not binding upon an appellate court, nor may a conviction be reversed on the strength of the prosecutor's official action alone."); *People v. Horrell*, 919 N.E.2d

952, 956 (Ill. 2009) ("Even if the State conceded before the appellate court that defendant's sentence of probation must be vacated, we, as a reviewing court, are not bound by a party's concession."); *Myers v. State*, 116 N.E.2d 839, 839 (Ind. 1954) ("The attorney general has filed a brief in which he confesses error and admits that the judgment should be reversed. It is nevertheless the duty and responsibility of this court to examine the record and determine whether the law, as applied to the facts in the case, requires reversal of the judgment of conviction."); *Hennings*, 791 N.W.2d at 838 ("We, however, are not bound by the State's concession."), *overruled on other grounds by Hill*, 878 N.W.2d at 275; *Commonwealth v. Poirier*, 935 N.E.2d 1273, 1275 (Mass. 2010) ("Confessions of error are, of course, entitled to and given great weight, but they do not 'relieve this Court of the performance of the judicial function.'" (quoting *Sibron*, 392 U.S. at 58)); *People v. Inman*, 220 N.W.2d 165, 168 (Mich. Ct. App. 1974) ("We initially note that we are not bound by the prosecutor's confession of error."); *State v. Warren*, 419 N.W.2d 795, 799 (Minn. 1988) ("The State's concession, however, is based on a misconception of how factual basis may be determined and, therefore, we decline to be bound by it. We see no reason why we may not see what is in plain sight simply because the State has chosen not to."); *State v. Hardin*, 429 S.W.3d 417, 421 n.4 (Mo. 2014) ("[T]his Court is not bound by the Attorney General's confession of error."); *State v. Fair Lawn Serv. Ctr.*, 120 A.2d 233, 234 (N.J. 1956) ("However, a confession of error relating to the jurisdiction of the subject matter is not binding on this court.") *State v. Martinez*, 979 P.2d 718, 726 (N.M. 1999) ("[A]ppellate courts in New Mexico are not bound by the Attorney General's concession of an issue in a criminal appeal."); *People v.*

*Lewis*, 260 N.E.2d 538, 540 (N.Y. 1970) ("Confessions of error are, of course, entitled to and given great weight, but they do not 'relieve this Court of the performance of the judicial function." (quoting *Sibron*, 392 U.S. at 58)); *State v. Stephens*, 69 S.E. 11, 11-12 (N.C. 1910) ("The Attorney General . . . admits . . . that the prisoner is entitled to a new trial. While the opinion of the State's attorney has much weight with us, it is our practice to examine the record carefully ourselves before setting aside a conviction for crime, and directing another trial."); *Casey v. State*, 440 P.2d 208, 209 (Okla. Crim. App. 1968) ("When the Attorney General confesses error, this Court will carefully examine the record for fundamental error."); *State v. Bea*, 864 P.2d 854, 856 (Or. 1993) ("We need not accept that concession concerning a legal conclusion, however, and in this case decline to do so."); *State v. Ely*, 48 S.W.3d 710, 716 n.3 (Tenn. 2001) ("Finally, despite the State's concession of this issue, this Court is not bound by such concession."); *Piland v. State*, 453 S.W.3d 473, 476 (Tex. Ct. App. 2014) ("A confession of error by the State is not conclusive when reviewing an appeal, and, in the absence of reversible error, we are not to make our ruling based on the State's request to reverse."); *Bennett v. Commonwealth*, 731 S.E.2d 40, 44 (Va. Ct. App. 2012) ("However, '[w]e have no obligation to accept concessions of error, and, to be sure, we would never do so if the issue were a pure question of law.'"); *State v. Green*, 9 P.2d 62, 62 (Wash. 1932) ("It therefore seems necessary in a case like this, notwithstanding the respondent's confession of error, for us to determine whether in fact error was committed."); *State v. McGill*, 736 S.E.2d 85, 89 (W. Va. 2012) ("While the Court is under no obligation to accept the State's confession of error, our analysis which follows finds it to be

appropriate in this case."); *State v. Gomaz*, 414 N.W.2d 626, 629 (Wis. 1987) ("As such, the State's retraction of its position as to whether the defendant was entitled to an instruction on imperfect self-defense is a concession regarding a question of law which this court is not bound to accept."). The majority opinion stands alone in reaching a contrary conclusion.

III.

I disagree with the decision to limit the district court's sentencing authority by remanding this matter with instruction to impose a specific sentence. No legal authority compels this result. The parties cannot compel this result. I dissent.